UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

 

CASE NO. 07-80609-CIV-MARRA

MONTE RESNICK,
individually and on behalf of
others similarly situated,

    Plaintiff,

v.

OPPENHEIMER & CO. INC.,
a New York Corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, Monte Resnick, by and through the undersigned counsel, on behalf of himself and others similarly situated, and hereby alleges the following causes of action:

1. Plaintiff, Monte Resnick, was an employee of Defendant, Oppenheimer & Co. Inc., as more fully alleged herein. Plaintiff brings these causes of action on behalf of himself and on behalf of other, current and former employees of Defendant similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act") and the minimum wage provisions of Art. X, § 24 of the Florida Constitution, and related provisions of the Florida Minimum Wage Act, § 448.10, Florida Statutes.

2. At all times material hereto, Plaintiff was employed by Defendant as a non-exempt worker performing the duties of a financial advisor or broker, primarily within the personal jurisdiction and venue of this Court. To the extent that Defendant classified Plaintiff as

exempt. Defendant misclassified Plaintiff and the others similarly situated, despite their primary duties being non-exempt and their compensation not meeting the criteria for a valid exemption.

3.  Plaintiff was employed by Defendant from about May 2004 until approximately September 30, 2005.

4.  The corporate Defendant, Oppenheimer & Co. Inc., is New York corporation that provides financial services throughout Florida and other states and that employs or suffers persons such as Plaintiff and others similarly situated to work on its behalf in providing financial advisor, stock brokerage and other investment services. Defendant does business extensively within the jurisdiction of this Court. Defendant is within the personal jurisdiction and venue of this Court.

5.  At all times material hereto, Plaintiff and all the similarly situated employees were performing their duties for the benefit of and on behalf of Defendant.

## Collective Action Allegations

6.  One cause of action is brought as a collective action to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216 (b) on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

7.  The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, which includes all financial advisors or brokers, however titled, employed by Defendant who provided financial advisor, stock brokerage and other investment services of a non-exempt nature (collectively, "non-exempt employees") in furtherance of the business of Defendant (the "asserted class"), and who worked in excess of forty (40) hours during one or more work weeks on or after July 2004 (the "material time").

8. In the course of employment with Defendant during the material time, the Plaintiff and the other employees in the asserted class regularly worked overtime hours (that is, hours in excess of forty (40) hours per workweek, referred to herein as "overtime hours") and were not paid overtime compensation at the lawful overtime rate (the "overtime rate") for all of the overtime hours worked, based in part upon Defendant's custom and practice of mis-classifying Plaintiff and those similarly situated as exempt, and failing to compensate them in accordance with the criteria for a valid exemption, among other violations of the FLSA.

9. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees in the asserted class, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by the Plaintiff and all other employees in the asserted class.

10. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, the corporate Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). The annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

11. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff and those employees similarly situated performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and the other

employees in the asserted class the compensation to which they were lawfully entitled for all of the hours worked in excess of forty within a workweek.

## Class Action Allegations

12. Another cause of action is also brought as a class action to recover from Defendant minimum wage compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of Art. X, § 24 of the Florida Constitution, and the Florida Minimum Wage Act, § 448.10, Florida Statutes, and related provisions of Florida law, on behalf of Plaintiff and all other current and former employees similarly situated during the material period (as defined below). This Court has supplemental jurisdiction over this class action claim.

13. The asserted class for the minimum wage claim includes all current and former employees similarly situated to Plaintiff, which includes all financial advisors or brokers, however titled, employed by Defendant who provided financial advisor, stock brokerage and other investment services of a non-exempt nature (collectively, "non-exempt employees") in furtherance of the business of Defendant within the State of Florida (the " Florida minimum wage class") during one or more work weeks on or after the enactment of the applicable law in Florida on November 2, 2004 (the "material period").

14. In the course of employment with Defendant during the material period, the Plaintiff and the other employees in the Florida minimum wage class regularly worked hours (referred to herein as "eligible hours") for which they were not paid compensation equal to or exceeding the lawful minimum wage rate (the "minimum wage") for all such hours, based in part upon Defendant's custom and practice of mis-classifying Plaintiff and those similarly situated as exempt, and failing to compensate them in accordance with Florida's minimum wage laws.

15. The members of the Florida minimum wage class are so numerous that joinder of all members is impracticable. The exact number of the members of the Florida minimum wage class can be determined by reviewing Defendant's records. Plaintiff is informed and believes, and alleges accordingly, that there are hundreds of individuals in the asserted Florida minimum wage class.

16. Plaintiff will fairly and adequately protect the interests of the members of the Florida minimum wage class, and has retained counsel that is experienced and competent in class action, collective action, and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Florida minimum wage class.

17. A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the claim for minimum wage violations. The damages suffered by individual members of the Florida minimum wage class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to seek redress individually for the wrongs done them.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Classes will likely not obtain redress for their injuries, and Defendant will retain the proceeds of their violations of the applicable laws.

19. Furthermore, even if any member of the Florida minimum wage class could afford both the time and the expense of individual litigation against the Defendant, it would be unduly burdensome to the judicial system to proceed in that fashion. Concentrating this litigation in one forum will promote judicial economy and parity in a consistent manner among the claims of individual members of the Florida minimum wage class.

20. There is a well-defined community of interest in the questions of law and fact affecting the Florida minimum wage class as a whole. The questions of fact and law common to the class predominate over any questions affecting solely individual members of the asserted Florida minimum wage class. The common questions of law and fact include, but are not limited to:

   a. Whether Defendant employed the class members within the meaning of the applicable law.

   b. Whether the putative class members were uniformly, willfully and wrongfully classified by Defendant as exempt from the minimum wage protections of Florida law.

   c. Whether Defendant's business lacks a retail concept within the meaning of the Fair Labor Standards Act, as applicable to the minimum wage protections of Florida law.

   d. Whether Defendant failed to pay Plaintiff and the members of the class a wage no less than Florida's applicable minimum wage for all hours worked during the material period.

   e. Whether Plaintiff and the members of the class have sustained damages and, if so, the determination of such damages under Florida's minimum wage rate applicable in each year.

21. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

22. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees in the asserted minimum wage class, and the compensation actually paid

to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by the Plaintiff and all other employees in the asserted Florida minimum wage class.

### Attorney's Fees

23. Plaintiff has retained the Shavitz Law Group, P.A. to represent him individually and on behalf of the asserted class and on behalf of the Florida minimum wage class, and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b); § 448.110(6)(c), Florida Statutes; and Art. X, §24(e) of the Florida Constitution, Plaintiff is entitled to a recovery of reasonable attorney's fees and costs.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION

24. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 11 and 23 above.

25. Plaintiff is entitled to be paid time and one-half of Plaintiff's regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees (comprising the members of the asserted class) are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

26. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney's fees.

27. As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated to Plaintiff are entitled to liquidated damages.

## COUNT II

## RECOVERY OF MINIMUM WAGE COMPENSATION

28. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 5 and 12 through 23 above.

29. Plaintiff is entitled to be paid a rate of pay for each hour worked that is no less than the minimum wage for all hours worked. All similarly situated employees (comprising the members of the asserted Florida minimum wage class) are similarly owed a minimum wage for all hours worked. Plaintiff and the other class members were not properly paid a minimum wage for all hours worked.

30. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff and the similarly situated employees in the Florida minimum wage class have suffered damages plus incurring costs and reasonable attorney's fees.

31. As a result of Defendant's willful violation of the Florida Constitution, the Florida minimum wage act, and related law, Plaintiff and those similarly situated to Plaintiff are entitled to liquidated damages and the full statute of limitations.

32. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, Monte Resnick, and those persons similarly situated to Plaintiff who have or will join this action as plaintiffs or class members, demand judgment against Defendant, Oppenheimer & Co. Inc., for the payment of compensation for all overtime hours at the overtime rate of pay due them for the hours worked by Plaintiff and similarly situated persons for which they have not been properly paid, payment of compensation no less than Florida's applicable minimum wage for all hours worked, liquidated damages, reasonable attorney's fees, costs of suit, prejudgment interest, and all other appropriate relief.

Dated: July 9th, 2007  
Boca Raton, Florida

Respectfully submitted,

_/s/ Hal B. Anderson_  
Gregg I. Shavitz (Fla Bar No. 11398)  
E-mail: gshavitz@shavitzlaw.com  
Hal B. Anderson (Fla Bar No.: 93051)  
E-mail: hal.anderson@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
1515 S. Federal Highway, Suite 404  
Boca Raton, Florida 33432  
Telephone: 561-447-8888  
Facsimile: 561-447-8831

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
MONTE RESNICK, individually and on behalf of others similarly situated,

07-80600-CIV-MARRA/JOHNSON

**(b)** County of Residence of First Listed Plaintiff   Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
SHAVITZ LAW GROUP, P.A., 1515 South Federal Highway, Suite 404, Boca Raton, FL 33432, (561) 447-8888

### DEFENDANTS
OPPENHEIMER & CO. INC.
a foreign Corporation

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
07cv80609-Marra/Johnson

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |   | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |   | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|   | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |   | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |   | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
|   | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage |   | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract |   | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |   |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |   |   | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |   |   | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |   **Habeas Corpus:** |   |   |   |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 530 General |   |   | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |   |   |   |
|   |   / ☐ 540 Mandamus & Other |   |   |   |
|   |   / ☐ 550 Civil Rights |   |   | ☐ 950 Constitutionality of State Statutes |
|   | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |   |   |   |
|   | ☐ 440 Other Civil Rights |   |   |   |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO

JUDGE _____     DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

29 USC 216(b) Action For Unpaid Overtime Wages

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
/s/ Joel B. Anderson

DATE July 9, 2007

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 722940   IFP