UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80609-CIV-MARRA/JOHNSON

MONTE RESNICK, individually and
on behalf of others similarly situated,

      Plaintiff,

v.

OPPENHEIMER & CO. INC.,
a foreign corporation,

      Defendant.

_____/

## OPINION AND ORDER

THIS CAUSE is before the Court on Defendant Oppenheimer & Co. Inc.'s Motion to
Dismiss Count II (DE 9), filed August 27, 2007.  The motion is now fully briefed and is ripe for
review.  The Court has carefully considered the motion and is fully advised in the premises.

### *Background*

On July 10, 2007, Plaintiff Monte Resnick filed the instant action against  Defendant
Oppenheimer & Co. Inc, seeking recovery of overtime compensation under the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Count I) and recovery of unpaid minimum
wages under Art. X, § 24 of the Florida Constitution and the Florida Minimum Wage Act
("FMWA"), Fla. Stat. § 448.110 (Count II).  Plaintiff asserts his FLSA claim as a collective
action pursuant to 29 U.S.C. § 216(b) and his FMWA claim as a class action pursuant to Fed. R.
Civ. P. 23.  Plaintiff worked for Defendant as a financial advisor from May 2004 to September
2005.  (Compl. ¶¶ 2, 3.)

1

Defendant moves to dismiss Count II of the Complaint on two separate grounds. Defendant first argues that Plaintiff has failed to comply with the provisions of Fla. Stat. § 448.110(6), which require a plaintiff to notify his or her employer prior to commencing suit to recover unpaid minimum wages.  Defendant then argues that FLSA's opt-in collective action irreconcilably conflicts with a Rule 23 opt-out class action such that Plaintiff cannot maintain both a FLSA collective action and a FMWA class action at the same time.

### *Standard of Review*

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### *Discussion*

#### Fla. Stat. § 48.110(6) Notice Requirement

Florida's minimum wage is guaranteed by the Florida Constitution.  Fla. Const. art. X, § 24.  This provision was approved by the electorate during the November 2, 2004, general

election.  The Florida Minimum Wage Act, Fla. Stat. § 448.110, "provide[s] measures appropriate for the implementation of the [constitutional minimum wage guarantee], in accordance with the authority granted to the Legislature" by Article X, section 24, of the state constitution.  Fla. Stat. § 448.110(2).

Florida Statutes § 48.110(6) reads, in pertinent part, as follows: ". . .prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." Fla. Stat. § 48.110(6)(a).  Upon receipt of this notice, an employer has fifteen days to resolve the claim before a an action may be filed to recover the unpaid wages.  Fla. Stat. § 48.110(6)(b).  Defendant moves to dismiss Count II of the Complaint, because Plaintiff has not alleged that this notice prerequisite has been satisfied.  As a result, Defendant argues that Plaintiff has failed to state a valid claim under the Florida Minimum Wage Act.

In response, Plaintiff argues that § 48.110(6) violates the Florida Constitution and that compliance with that provision is unnecessary to state a claim under Article X, section 24, of the Florida Constitution.  Plaintiff concedes that he did not comply with the notification provisions. However, Plaintiff asks the Court to declare § 48.110(6) unconstitutional and deny Defendant's motion to dismiss.

In support of his argument, Plaintiff relies on a case from the Middle District of Florida, *Throw v. Republic Enterprise Systems, Inc.*, No. 8:06-cv-724T-30TBM, 2006 WL 1823783

3

(M.D. Fla. Jun. 30, 2006).  In that case, the court reasoned

> that Section 24, subsection (e), creates a constitutional right entitling all persons aggrieved by a violation of Section 24 to bring a civil action in a court of competent jurisdiction.  Further, Section 24, subsection (f) specifically states, in pertinent part, '[i]mplementing legislation is not required in order to enforce this amendment."  Thus, Section 24 creates a constitutional right directly enforeable in a court of law by an aggrieved party with no requirement that notice be given.  *Throw*, 2006 WL 1823783 at *2.

Because § 448.110 adds "a requirement that must be fulfilled before an aggrieved party may exercise a right previously granted by the Constitution," the provision is unconstitutional.  *Id.*

At the outset, the Court notes that decisions rendered by courts in other districts are not binding on this Court.  *See Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991).  In addition, the *Throw* court itself recognized this issue as a "close question" of law.  *Throw*, 2006 WL 1823783 at *2.  Finally, few Courts have had an opportunity to address this issue, due to the relative recency of the FMWA.

The Court respectfully disagrees with the analysis of the *Throw* court that § 48.110(6) is unconstitutional.  Article X, Section 24, subsection (f) does indeed state that "implementing legislation is not required in order to enforce this amendment."  Fla. Const. art. X, § 24(f).  However, that same section also states that the "state legislature may by statute . . . adopt any measures appropriate for the implementation of this amendment."  Fla. Const. art. X, § 24.  Reading these two sentences together, it appears that the people of Florida  intended to guarantee workers a constitutional right to a minimum wage without making the right dependent upon the action of the legislature.  However, at the same time, the people of Florida authorized the legislature, in its wisdom, to enact legislation that would implement the constitutional right.

4

Thus, the fact that an individual has a constitutionally guaranteed ability to enforce a right does not mean that the legislature is categorically barred from regulating the method of that enforcement when such regulation is permitted on the face of the constitutional provision.  It is true that where a statute "violates expressly or clearly implied mandates of the Constitution, the act must fall." *Holley v. Adams*, 238 So. 2d 401, 405 (Fla. 1970).  This statute does not present such a case.[1]  The statutory provision merely requires that the employer be notified of the worker's claim so the matter can be resolved within a relatively short period of time (i.e., fifteen days).  The worker's rights are fully protected during the statutory time period by tolling the running of the statute of limitations.  A statutory provision which fully protects the right of the worker to full compensation, yet seeks to encourage prompt resolution of wage disputes short of litigation, is fully consistent with the constitutional right and the grant of authority to the legislature to pass legislation implementing that right.  Legislation implementing Article X, Section 24 is specifically authorized by the Constitution, and the requirement imposed by § 448.110(6) does not contradict any command or grant in the Constitution.

The Court's conclusion is buoyed by the Florida Supreme Court, which has held that the "will of the people is paramount in determining whether a constitutional provision is self-executing and the modern doctrine favors the presumption that constitutional provisions are

---

[1]This case is not comparable to *Notami Hospital of Florida, Inc. v. Bowen*, 927 So.2d 139 (Fla. Dist. Ct. App. 2006), where the First District Court of Appeal declared Fla. Stat. § 381.028 unconstitutional.  In that case, the statute at issue explicitly limited certain rights that had been expressly granted by the Constitution.  For instance, the Constitutional grant was retroactive and allowed an individual access to medical records generated at any time, but Fla. Stat. § 381.028(5) limited an individual's access to records generated only after a certain date.  *Notami Hospital*, 927 So. 2d at 143.  Because the statute and the constitution were in direct conflict, the court held the statute unconstitutional.

intended to be self-operating.  This is so because in the absence of such presumption the legislature would have the power to nullify the will of the people expressed in their constitution, the most sacrosanct of all expressions of the people."  *Gray v. Bryant*, 125 So. 2d 846, 851 (Fla. 1960).  The purpose of a self-executing amendment is not to prevent the legislature from regulating the amendment altogether but rather to prevent the legislature from nullifying constitutional provisions by refusing to execute those provisions.  Further, "[t]he fact that the right granted by the provision may be supplemented by legislation, further protecting the right or making it available, does not of itself prevent the provision from being self-executing."  *Id*.; *see also Schreiner v. McKenzie Tank Lines & Risk Management Services, Inc.*, 408 So.2d 711, 714 (1st Fla. Dist. Ct. App. 1982) ("Although a statute might add to or prescribe a penalty for violation of a self-executing constitutional amendment, it does not follow that the provision is not self-executing.").  Thus, Florida law has long recognized both the presumption of self-execution for constitutional provisions and the legislature's prerogative in passing implementing legislation for such amendments.

"[I]t is the function of the Court of interpret the law, not to legislate."  *Holley*, 238 So. 2d at 404.  So long as acts of the legislature conform to the requirements of the Constitution, this Court will not inquire into the wisdom or policy behind the legislation.  *Id.*  Because the Florida Legislature could constitutionally create implementing legislation under Article X, Section 24, and because the specific implementing legislation passed (§ 448.110) does not prevent an individual from enforcing his rights under the Florida Constitution, the Court holds that § 448.110(6) is binding and enforceable on Plaintiff.  Since Plaintiff failed to comply with this prerequisite to asserting a claim under Article X, Section 24, Defendant's motion to dismiss

Count II is granted.

<u>Collective Action v. Class Action</u>

Defendant also moves to dismiss Count II with prejudice because it claims that FLSA's opt-in collective action device is "inherently incompatible" with the opt-out class sought for the FMWA claim under Fed. R. Civ. P. 23.  Because this action would require two different types of plaintiffs' classes, Defendant claims that the FLSA claim predominates and the state claim must be dismissed.  In response, Plaintiff appears to argue that Defendant's rationale would prevent a state from offering minimum wage protections above the federally established wage floor.  (*See* Pl. Resp. 7-8.)

The former Fifth Circuit addressed the distinction between a FLSA collective action and a Rule 23 class action as follows: "Rule 23(c) provides for 'opt out' class actions.  FLSA § 16(b) allows as class members only those who 'opt in.'  These two types of class actions are mutually exclusive and irreconcilable."  *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975).[2]  The fact that the two types of actions are irreconcilable, however, does not persuade the Court that Count II should be dismissed under Rule 12(b)(6).  Defendant does not dispute that Plaintiff has stated a valid claim under FLSA.  Defendant also disputes Plaintiff's FMWA claim only as it pertains to the notice requirement.  Aside from the "notice" requirement, Defendant has not explained how Plaintiff has failed to allege sufficient facts to sustain a claim under the FMWA.  The Court fails to see how the fact that the FMWA claim could *potentially* be certified as a class action, which might conflict with the FLSA collective action, is grounds to dismiss the

---

[2]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

entire count.

The Court agrees with Plaintiff that the cases cited by Defendant are distinguishable. Both *Brothers v. Portage National Bank*, No. 3:06-94, 2007 WL 965835 (W.D. Pa. Mar. 29, 2007), and *Otto v. Pocono Health System*, 457 F. Supp. 2d 522 (M.D. Pa. 2006), involve a claim under both FLSA and state law for overtime compensation.  In other words, the plaintiff sought to represent a FLSA opt-in class and a Rule 23 opt-out class to seek the very same relief under both statutes.  This case presents a different situation, where Plaintiff seeks unpaid overtime compensation under FLSA and unpaid minimum wages under FMWA.   While the primary objective of both claims in the instant case are the same (i.e., recovery of unpaid wages), each claim seeks a distinct form of relief.  Consequently, the Court does not believe that the two claims themselves conflict and the Court finds that the issue of class treatment is not an impediment to Plaintiff proceeding with his case at the present time.

While the Court has serious reservations about the superiority of maintaining the FMWA claim as a class action, such arguments about the propriety of class treatment are premature at present.  All of these issues will be appropriately resolved when the Plaintiff moves to certify the respective classes.  *See, e.g., Riddle v. National Security Agency, Inc.*, No. 05-C-5880, 2007 WL 2746597 (N.D. Ill. Sept. 13, 2007) (addressing the conflict between an FLSA collective action and an Illinois wage law class action upon motion for class certification).

### Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to

Dismiss Count II of the Complaint is **GRANTED.**  Count II of the Complaint is **DISMISSED**

**WITHOUT PREJUDICE**.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 8th day of January, 2008.

                                  _____

                                  KENNETH A. MARRA
                                  United States District Judge

Copies furnished to:
all counsel of record